
**FILED**
**FEBRUARY 6, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

_____

| | | |
|---|---|---|
| REGINALD KING, JR., PRO SE, § | | |
| TDCJ-CID No. 387402, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:08-CV-0233 | |
| § | | |
| NATHANIEL QUARTERMAN, § | | |
| PHYLLIS J. LARUE, RN/PA, § | | |
| TEXAS TECH CORRECTION § | | |
|    MANAGEMENT HEALTH CARE, § | | |
| F. BAXTER, Unit Health Administrator, § | | |
| and Warden J. NUNN, § | | |
| § | | |
| Defendants. § | | |

## REPORT AND RECOMMENDATION

Plaintiff REGINALD KING, JR., acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff, who was incarcerated in Baten I.S.F., an intermediate sanction facility for parole violators, complains of the medical care he has received for his high blood pressure[1].

---

[1]See plaintiff's original complaint.

Plaintiff claims defendant QUARTERMAN is the Director of TDCJ-CID and "don't even know the problem in this facility.[2]"

Plaintiff states he is suing defendant TEXAS TECH CORRECTION MANAGEMENT HEALTH CARE because the Regional Director, Dr. Leeah, "was not made a where [sic] of medical condishion [sic] for 3 months[3]."

Plaintiff states he is suing defendant BAXTER because he is the health administrator and took no action to address plaintiff's complaints after being contacted by plaintiff[4].

Plaintiff sues defendant NUNN because, as warden, he did not resolve plaintiff's complaints to plaintiff's satisfaction[5].

Plaintiff claims that, upon his arrival at the Baten I.S.F. from the Dallas County Jail on September 19, 2008, defendant LARUE, the Registered Nurse, Physician's Assistant, who administered medical care there, changed his medications and the times they were taken, resulting in plaintiff's blood pressure going out of control[6].

Plaintiff complains he was then "kidnaped," that is, "forced . . . to get into a van by telling [him] that they would spray [him] with chemicals (pepper spray) [if he refused]. Plaintiff says he was then taken to the 24-hour infirmary at the Allred Unit, from where he was transferred to the hospital later that night for chest pains. Plaintiff was treated for fourteen days

---

[2]See plaintiff's January 5, 2009 response to question no. 1 of the Questionnaire

[3]See plaintiff's January 5, 2009 response to question 2 of the Questionnaire.

[4]See plaintiff's January 5, 2009 response to questions 3 and 4 of the Questionnaire.

[5]See plaintiff's January 5, 2009 response to question 5 of the Questionnaire.

[6]See plaintiff's complaint at the Statement of Facts.

in the CCU and for 4 days in step down. Afterwards, he was sent back to the Allred Unit for eleven days and then returned to the Baten I.S.F. Plaintiff claims that the nurses at Baten asked him why he had been sent back since "they know we can't treat you here."

Plaintiff requests to be placed in a hospital to treat his medical needs before he dies at the unit and to "stop the pain and suffering" and that he be financially compensated for his physical and mental pain.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[7], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[8].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendant.

---

[7]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[8]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). "[N]egligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Further, merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).

The Court notes plaintiff attached to his January 14, 2009 Pleading Motion for Relief of Retaliation, a hand-written diary concerning the treatment he received while in Dallas County Jail prior to his transfer to Baten I.S.F. That diary shows plaintiff's blood pressure was very frequently out-of-control there as well, necessitating his admission to Parkland Hospital in June and in July of 2008.

The facts presented by plaintiff do not support his claim that his blood pressure was well controlled on his arrival to the Baten I.S.F. or that defendant LARUE knew of a substantial risk of serious harm to plaintiff's health or safety and was indifferent to such risk. *Farmer v.*

*Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). Instead, defendant LARUE prescribed medications for plaintiff's high blood pressure, even if they were not the medications plaintiff strongly felt he should have. Further, when plaintiff's condition deteriorated, defendant LARUE arranged for plaintiff's transfer to a unit with more sophisticated medical services. When plaintiff experienced chest pains, he was transferred to a hospital, where his blood pressure was stabilized. At most, plaintiff's allegations will support a claim of negligence, if even that. Plaintiff's dissatisfaction with defendant LARUE's evaluation of his medications and decision to change his medications, even if that change led to plaintiff's subsequent elevated blood pressure and the necessity of hospitalization to get it back under control, is not sufficient to elevate his claim to constitutional dimension. *Varnado v. Collins*, 920 F.2sd 320, 321 (5th Cir. 1991).

Plaintiff has failed to present allegations which cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___ n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). Plaintiff has failed to state a claim of deliberate indifference against defendant LARUE.

Plaintiff states he is suing defendant BAXTER because he is the health administrator and took no action to address plaintiff's complaints after being contacted by plaintiff. Whether plaintiff contacted BAXTER by way of his grievance, which BAXTER denied, or in some other manner, plaintiff has not alleged facts showing BAXTER knew of a substantial risk of serious harm to plaintiff's health or safety and was indifferent to such risk. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). At most, plaintiff's facts might

support a claim of negligence by BAXTER, if even that; but "negligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

As to defendant TEXAS TECH CORRECTION MANAGEMENT HEALTH CARE, plaintiff has alleged, at most, a theory of liability based on either negligence or *respondeat superior*, neither of which will support a claim under section 1983. *Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(conduct which is merely negligent does not meet the standard for liability under section 1983); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987)(theories of vicarious liability, such as *respondeat superior*, cannot support a cause of action under section 1983).

Finally, plaintiff's claims against defendants Warden NUNN and TDCJ Director QUARTERMAN are clearly based upon the supervisory capacities of these defendants and their failure to correct the alleged wrong; however, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). Plaintiff has alleged no fact to show either of these defendants had personal knowledge of his serious medical needs or were deliberately indifferent to them. Plaintiff has failed to state a claim against either defendant on which relief cam be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983 by plaintiff

REGINALD KING, JR., be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 6th day of February 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).